*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

YANI SANHARIB WARDA,

　　　　　Plaintiff-Appellee,

and

GREAT LAKES PHARMACY,

　　　　　Intervening Plaintiff,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN, SCOTT ALLEN
KOHMESCHER, MARTIN TRANSPORT
SYSTEMS, and GREAT LAKES TRUCK
LEASING, LLC,

　　　　　Defendants,

and

PAUL FLYNN and JAMAL HAMMOUD,

　　　　　Appellants.

UNPUBLISHED
January 25, 2024

No. 362690
Macomb Circuit Court
LC No. 2021-002803-NI

YANI SANHARIB WARDA,

　　　　　Plaintiff-Appellee,

and

GREAT LAKES PHARMACY,

　　　　　Intervening Plaintiff,

-1-

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant-Appellant,

and

SCOTT ALLEN KOHMESCHER, MARTIN
TRANSPORT SYSTEMS, and GREAT LAKES
TRUCK LEASING, LLC,

        Defendants.

No.   362698
Macomb Circuit Court
LC No.   2021-002803-NI

---

YANI SANHARIB WARDA,

        Plaintiff-Appellee,

and

GREAT LAKES PHARMACY,

        Intervening Plaintiff,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN, SCOTT ALLEN
KOHMESCHER, MARTIN TRANSPORT
SYSTEMS, and GREAT LAKES TRUCK
LEASING, LLC,

        Defendants,

and

STEVEN KALKANIS and CHRISTIAN SCHUTTE,

        Appellants.

No.   362699
Macomb Circuit Court
LC No.   2021-002803-NI

---

Before:  K. F. KELLY, P.J., and JANSEN and HOOD, JJ.

JANSEN, J. (*dissenting*).

-2-

For the following reasons, I respectfully dissent. I would reverse the trial court's order denying defendant Farm Bureau General Insurance Company's motion to quash plaintiff Yani Sanharib Warda's subpoenas seeking production of tax documents from those individuals who performed insurance medical examinations (IMEs) of Warda, therefore precluding production of the IME examiners' 1099s[1] and W-2s for tax years 2019 to 2021, in this no-fault action. I believe the production of such documents invades the privacy of these nonparties, and the information sought could be sufficiently obtained by other means.

Although Michigan allows for a broad, liberal discovery policy, it does not allow for fishing expeditions. *Micheli v Mich Auto Ins Placement Facility*, 340 Mich App 360, 371; 986 NW2d 451 (2022). See also MCR 2.302(B)(1) (parties may obtain discovery of any nonprivileged, relevant matter proportional to the needs of the case). The *Micheli* Court determined that expert witness bias may be shown by whether the expert has a pecuniary interest in the outcome, and as such, a nonparty's history of serving as an expert witness as well as their compensation bears on that person's credibility and is therefore relevant. *Id*. at 373-374. However, nonparties clearly have a privacy interest in their personal tax documents. *Micheli*, 340 Mich App at 374 n 5.

Because Warda seeks this information from nonparties, and the main issue is one of bias, it is sufficient for the IME examiners to provide the information obtained and conclusions drawn from the IME itself. The IME examiners can be asked what amount or percentage of their total income they receive from performing IMEs during a deposition. See MCR 2.305(A)(1) (allowing subpoenas to nonparties for depositions). This is sufficient evidence for the fact-finder to determine whether bias exists. Even with the conditions imposed by the trial court limiting the tax information to be disclosed, in balancing the privacy interests of these nonparties, it is still overreaching. The IME examiners' income from other sources, for example, which would be available in their W-2s, is simply not relevant.

Therefore, I would reverse the trial court's order denying the motion to quash, and remand the matter to the trial court to grant the motion, quash the subpoenas, and preclude production of the IME examiners' 1099s unrelated to performing IMEs and W-2s.

/s/ Kathleen Jansen

---

[1] The IME examiners agreed to provide their 1099s relating to IMEs performed, which counsel confirmed at oral argument. This conclusion relates to any 1099s outside that limitation.